UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL IRVIN TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 1:14-CV-292 RM |
| ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

Paul Irvin Taylor, a *pro se* prisoner, has filed a habeas corpus petition trying to avoid prosecution by the State of Indiana for driving on a suspended license in the Steuben County Circuit Court under cause number 76C01-1404-CM-397.

"Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." United States ex rel. Stevens v. Circuit Court of Milwaukee County, 675 F.2d 946, 947 (7th Cir. 1982). This is one of those ordinary cases. Though the Stevens court provided for a narrow exception to entertain some double jeopardy claims, this case doesn't present a double jeopardy claim.

> [T]he relief he is seeking in this habeas corpus proceeding is . . . to enjoin his state criminal trial. So far as that objective is concerned it is immaterial whether he is in custody pursuant to a previous conviction, out on bond, or entirely at liberty while awaiting trial. The relief he is seeking, though within the broad remedial powers granted federal judges by the habeas corpus statute, *see* 28 U.S.C. § 2243; *cf.* 28 U.S.C. § 2251 (stay of state-court proceedings), is remote from the original purpose of habeas corpus-release from unlawful incarceration. In addition, it violates the principle of 28 U.S.C. § 2283 as construed in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed.

2d 669 (1971), that federal courts do not lightly enjoin state criminal proceedings.

*Id.*

> Younger v. Harris teaches that federal courts should be slow to enjoin state criminal proceedings. Against this must be set the policy of effective enforcement of the rights conferred by the double jeopardy clause. We think the *Younger* policy is the weightier when the defendant is not being asked to undergo a second trial. This conclusion does not leave the defendant without remedy. Stevens had available to him, and invoked, pretrial remedies in the state courts, which rejected his double jeopardy argument after considering it on the merits. We do not think he was entitled to more . . ..

*Id.* at 949.

So, too, in this case. To the extent Mr. Taylor believes that he has a viable defense to the charges against him or that his case isn't being adjudicated properly, he can present those claims to the state courts. In fact, he must do so before seeking habeas relief in federal court.

For the foregoing reasons, this petition is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

ENTERED: September  25 , 2014     /s/ Robert L. Miller, Jr.
                                   Judge
                                   United States District Court